SCHENCK et al. v. DIAMOND MATCH CO.

(Circuit Court of Appeals, Third Circuit. November 9, 1896.)

No. 23, September Term, 1896.

PATENTS—INVENTION—INFRINGEMENT—FRICTION-MATCH DEVICE.

The Pusey patent, No. 483,166, for a friction-match device designed to be carried in the pocket, held to show sufficient invention to sustain the patent, it appearing that the device, though simple, was new in the art, and was cheap and convenient, and supplied a distinctly felt want; and the patent also held infringed. 71 Fed. 521, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit in equity by the Diamond Match Company against John H. Schenck and John M. Moore, trading as Dr. J. H. Schenck & Sons, and the Binghamton Match Company, for alleged infringement of letters patent No. 483,166, issued September 27, 1892, to Joshua Pusey, for a friction-match device, designed to be carried in the pocket. The circuit court sustained the patent, found infringement, and entered a decree accordingly. 71 Fed. 521. Defendants appealed.

Charles A. Brodek, for appellants.
Joshua Pusey, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The decree of the circuit court must be affirmed. The record shows nothing to sustain either of the defenses set up. The defendants' device is undistinguishable from the plaintiffs' except in slight unimportant formal differences—apparently introduced to avoid liability for infringement.

The other defense—lack of patentable novelty—presents little greater difficulty. While the invention displayed is of a low order, it is sufficient to support the patent. The device, though simple, was new in the art, and was cheap, convenient, and supplied a want distinctly felt. Manufacturers of matches immediately recognized its usefulness, and sought the privilege of making it. The defendants were among the first to do so, and seem to have entertained no doubt respecting the validity of the patent, until their efforts to obtain such privilege on their own terms had failed. The defendants may well be regarded as experts in the art, and their conduct was an unbiased and emphatic expression of judgment in favor of the patent; their present expression and that of their experts are probably entitled to less weight.

The effort to prove anticipation by the Farnhams failed. Without considering the question whether this defense is admissible under the pleadings, it is sufficient to say that we are satisfied the defense is not proved. Nothing is shown but occasional, tentative experiments by the Farnhams, made years ago to meet their personal and temporary wants. Precisely what they accomplished is uncertain; no sample of their device is exhibited. Whatever it may have been it was never applied to nor intended for the public use; it was a mere makeshift, for a temporary purpose, which disappeared with the occasion that called for it, never known to anybody but the Farnhams, and now is almost forgotten by them.

The decree is affirmed.