WABASH PHOTOLAMP CORPORATION et al. v. ROSS ELECTRIC CORPORATION et al.

WABASH APPLIANCE CORPORATION v. ROSS ELECTRIC CORPORATION et al.

Nos. 2430, 3534.

United States District Court E. D. New York.

Nov. 15, 1948.

Kenyon & Kenyon, of New York City (Theo. S. Kenyon, of New York City, of counsel), for plaintiffs.

Alexander C. Neave, of New York City, for defendants.

INCH, Chief Judge.

Defendants object to plaintiff's interrogatories in these patent suits. There are eight interrogatories. According to the brief submitted, after argument, by defendants they "waive their objections to all of the interrogatories except Interrogatories 3, 5, and 8". The ground for such objections to these is that the information would be relevant and material only to the question of damages, after a finding of validity and infringement of plaintiff's patents, and, that they are oppressive since they call for the disclosure of confidential business to a competitor.

There would be good grounds for holding that such questions are premature if so limited to the question of damages. However, "commercial success" or complete lack of it, may be relevant on a question of validity. Apparently defendants indicate that it might be proper in plaintiff's case. Likewise it seems to be overlooked that this is not simply a suit by an owner of a patent against an alleged infringer, which most of the cases cited by defendants contemplate for aside from the usual denial by the defendants the answer also relies on a patent which is claimed to ante-date plaintiff's patents and alleges that the alleged invention claimed by plaintiff was previously known, etc., and duly disclosed.

In other words, we have in effect a cross-suit between two patents and it may be that "commercial success", under either, or complete lack of it, may become relevant on the question of validity of either patent and thus the rights of plaintiff and defendants are equal in this respect.

It should also be borne in mind that the amendments to the Federal Rules of Civil Procedure, 28 U.S.C.A., considerably broaden the proper use of interrogatories. See Rule 33 and Rule 26 (b). Matter, not privileged, which is relevant either to a claim or defense is allowed, subject of course to control by the court, on proper application, to prevent oppression or improper investigation.

Added to the above it appears, from the brief submitted by counsel that defendants' objections to all the interrogatories except

512

3, 5 and 8 have been waived. Interrogatories 3 and 5 show that they are closely connected with interrogatories 2 and 4 which latter are therefore not objected to.

On the other hand, plaintiffs specifically state that interrogatories 3 and 5 are modified "with respect to all lamps in current production to read to the nearest 1,000,000 lamps to demonstrate validity and scope, not damages", and that these are the only issues to which they will be directed.

It seems to me, therefore, that the purpose of the interrogatories 3 and 5, as so expressly limited, is a proper one under the circumstances. That with the above protection defendants can answer sufficiently on the issue of possible "commercial success" without disclosing anything more definite or proper which would be required subsequently, should the question of validity be determined and infringement found.

The objections to 3 and 5 are therefore overruled. The objection to interrogatory 8 is sustained.

Settle order.