480

### WAGNER MFG. CO. v. CUTLER–HAMMER, Inc.
#### Civ. No. 992.

United States District Court,
S. D. Ohio, Western Division.

March 8, 1950.

Supplemental Opinion April 12, 1950.

See also, 10 F.R.D. 348.

Toulmin & Toulmin, Dayton, Ohio, for plaintiff.

Paxton & Seasongood, Cincinnati, Ohio, for defendant.

NEVIN, Chief Judge.

On or about November 21 and 22, 1949, plaintiff served defendant with notices to take oral depositions of various officers and employees of the defendant "and perhaps others" at Milwaukee, Wisconsin, on November 29 and 30, 1949. On November 22, 1949, subpoenas duces tecum were issued and served.

On November 25, 1949, defendant filed a motion, pursuant to Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., so it asserts, in the United States District Court at Milwaukee, to Quash, Limit and Restrict the subpoenas duces tecum. The foregoing motion came on for hearing before the court at Milwaukee on November 29, 1949. The court at Milwaukee did not

pass on the motion. Instead, an Order was entered (on November 29, 1949) staying the taking of the depositions to permit the parties to present a motion "to the court of original jurisdiction", which in this instance, is this United States District Court for the Southern District of Ohio.

On December 12, 1949, defendant filed in this Court, a "Motion for an order to modify subpoenas duces tecum" and "to limit depositions under Rule 30(b)". The cause is now before the court on this motion.

Counsel have argued the motion orally and have filed briefs in support of their respective contentions.

The order entered in the United States District Court at Milwaukee provides in part as follows: " * * * and the parties having orally stipulated that the depositions could be taken with respect to all the matters in said subpoenas duces tecum, excepting paragraphs 3 and 6, if they so desire, it is

Ordered that the order to show cause be continued until December 27, 1949, to permit parties to present a motion to the court of original jurisdiction with respect to limiting the taking of depositions in regard to paragraphs 3 and 6."

As will be observed from the foregoing order, and as shown by the statements of counsel in their oral argument and briefs, and from the exhibits attached to defendant's motion, it appears that the parties (or their counsel), before the order was entered by the court at Milwaukee, had (or at least thought they had) entered into an oral stipulation with regard to certain matters and procedure. It develops now, however, in this Court, and on the motion now before this Court, that counsel do not, and are unable to, agree upon what it was that was (as stated in the Milwaukee order) "orally stipulated". In other words, counsel are in disagreement as to what it is they are supposed to have agreed upon at Milwaukee.

Accompanying their motion, is a statement by counsel for defendant that "E. Prior to the entry of said order (at Milwaukee) counsel for plaintiff had orally agreed with counsel for defendant; thereupon defendant sets forth in three subparagraphs numbered (i), (ii) and (iii) respectively, what it is defendant says was "orally agreed" to by counsel for plaintiff.

In support of its statement just referred to, Mr. Joseph A. Segal filed on December 19, 1949, his affidavit, in which he states among other things, that he is one of counsel for the defendant; that he was present at the oral arguments in Milwaukee and participated in the conferences there and that "Paragraph E of defendant's motion to modify subpoenas duces tecum and limit depositions correctly sets forth the terms of the agreements made between counsel with respect to the depositions referred to therein".

On December 19, 1949, an affidavit was filed by Mr. C. E. Crafts, wherein he states that he is one of counsel for plaintiff; that he was present at the oral arguments at Milwaukee and participated in conferences there with the court and defendant's counsel and that "the discussions which took place are not fairly represented in paragraphs E(i) (ii) (iii) and paragraph F of defendant's motion to modify the subpoena duces tecum and limit depositions. * * * The facts are as follows as to each of said paragraphs:" Thereupon affiant sets forth his recollection and understanding of what it was counsel for the respective parties agreed upon with respect to the depositions, before the order was entered by the court in Milwaukee.

■ Unfortunately, what counsel did agree upon (if anything) at Milwaukee, was not put in writing. As to any "stipulation" made in the court at Milwaukee, this court has no knowledge save only the reference in the Milwaukee order and the present statements of counsel. Under these circumstances, this Court is unable to, and is here not attempting or intending to determine what it was counsel for the respective parties "stipulated" (in Milwaukee) they would, or would not do. This Court, therefore, will pass upon the present motion based solely upon the law applicable thereto, as the court understands it, and after a consideration of the briefs and arguments of counsel.

In its present motion defendant "moves the court for an order" in the certain respects set forth in three paragraphs or branches, numbered 1, 2 and 3 respectively. These requests or branches of defendant's motion will be treated by the court in the same order as they are set forth in the motion.

## I. Re: Branch 1 of the Motion

In branch 1 defendant moves for an order: "1. Modifying the subpoenas duces tecum and limiting the scope of said depositions".

In its "notice to take oral depositions" served by plaintiff on defendant on November 22, 1949, plaintiff stated that it would take the depositions of certain named officers and employees of the defendant "and perhaps others" in Milwaukee at the time and place stated in the notice. Defendant submits that the depostions to be taken in Milwaukee under the present notices should be limited to those persons named in the subpoena and should not include the "and perhaps others".

Rule 30(a) of the Federal Rules of Civil Procedure provides *inter alia* that "The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs".

■ Under the Rule just quoted, it is the view of the court that defendant is correct in its contention. Branch No. 1 of defendant's motion is sustained to the extent that plaintiff is limited in the scope of the depositions to be taken at Milwaukee under the present notices to those persons and those persons only who are named in the subpoenas.

Regardless of the foregoing ruling, plaintiff is, of course, at liberty to take further depositions either in Milwaukee or elsewhere, if it so desires, provided they are taken in accordance with the provisions of the Federal Rules of Civil Procedure.

## II. Re: Branch 2 of the Motion

In branch 2 of its motion, defendant moves for an order: "2. Quashing paragraph 3 of said subpoenas duces tecum and providing that defendant shall not be required to produce "the inter-office correspondence" referred to therein for the reasons (a) that plaintiff has made no showing that such documents 'constitute or contain evidence' as required by Rule 45(d), and (b) that said paragraph of the subpoenas is too broad and does not identify the documents requested with sufficient particularity".

Paragraph (3) of plaintiff's subpoena duces tecum, which defendant seeks to have quashed, reads as follows:

"3. All interoffice correspondence of Cutler-Hammer, Inc., between its Milwaukee, Wisconsin and Cincinnati, Ohio offices, or within either of said offices, relating to the manufacture and sale by Cutler-Hammer, Inc. to Wagner Manufacturing Company of Magnalite handles No. 22–422 and Magnalite Knobs #22–423, and as referred to in Wagner Manufacturing Company's purchase orders C–4148, C–4149, C–5589, C–5590, C–6353, C–6354 and C–6384, from the period February 25, 1939 to September 29, 1948".

Defendant asserts that under the present Federal Rules of Civil Procedure a subpoena duces tecum can only demand documents that "constitute or contain evidence".

Its counsel, in oral argument, (P. 6) stated "now the courts have held under that rule that when a motion such as this is filed it is up to the party issuing the subpoena to establish that the documents that he wants constitute or contain evidence, and there has been no showing to that effect in this case. That demand is also objectionable because it is too broad and too general. * * * We have filed an affidavit in support of the motion by one of the Vice Presidents of Cutler-Hammer, in which he states they have a very voluminous file on this matter. It would be a great amount of work to dig that up and with nothing specific as to date, author or anything else".

484

Plaintiff submits that it seeks only "correspondence covering a certain transaction, to-wit: the interoffice correspondence and intra-office correspondence relating to the production and sale of handles to plaintiff".

There appears to be no question here but that plaintiff is acting in good faith and that the documents or correspondence called for relate to the subject matter of this suit. It is true that the correspondence sought covers an extended period of time. The period of time involved, however, is necessitated by the nature of the issues of the case. That the files of the defendant with reference to this matter are voluminous may be assumed for present purposes. It is conceded that they are available.

While, therefore, the extent of time and number of papers subpoenaed is broad, it is only so because of the nature of the case and thus considered, it is not made to appear that the requirements of the subpoenas are unreasonable. Savannah Theatre Co. v. Lucas & Jenkins, D.C.N.D.Ga., 10 F. R.D. 461.

Defendant, among other things, states with regard to the correspondence sought by the subpoena that "it would be a great amount of work to dig that up * * *".

Peculiarly enough, a situation somewhat analogous to this has arisen in this case, in connection with certain interrogatories submitted to plaintiff by defendant, and plaintiff's objections to certain ones thereof. One of the interrogatories objected to was Interrogatory No. 6, wherein defendant sought from plaintiff the certain information as in that interrogatory set forth.

In its objection, plaintiff asserts (among other things) that it "is an unreasonable inquiry in that the preparation of a detailed answer will unreasonably annoy, oppress and harass the plaintiff and its officers and employees".

In the affidavit (hereinbefore referred to) filed by defendant in support of its motion, affiant (one of the Vice Presidents of defendant) states that the production of this correspondence "probably will involve a large amount of time and effort" and will be "unnecessarily oppressive, embarrassing and annoying to the defendant".

It may be that the old adage to the effect that "it all depends on whose ox is gored" has some application here.

With regard to Interrogatory No. 6, plaintiff further stated that this interrogatory "is comprised of five branches seeking information * * * this information is contained in 5,580 documents and will require the tabulation of nearly 30,000 pieces of information". Plaintiff stated further, however, that it had "no objection to the defendant or its representatives examing each and all of such documentary evidence and is perfectly willing to deposit with the clerk of this Court the several cardboard cartons containing such material as exhibits in this case where such documents can be examined by the defendant's representatives at their leisure".

■ The court is of the opinion and so finds that the second branch of defendant's motion is not well taken and that it should be, and it is, overruled.

In connection with the foregoing ruling, the court directs the attention of counsel to the procedure suggested by plaintiff (and just above quoted) with respect to the documents and information called for by defendant's "Interrogatory No. 6". It may be that some such arrangement can be satisfactorily worked out by counsel with regard to the information now sought by plaintiff, as plaintiff suggests, with regard to the information sought by defendant. This, however, is merely a suggestion by the court, based upon a circumstance which has arisen in connection with another feature of this case. Irrespective of whether such an arrangement can or need be agreed upon by counsel, the ruling of the court is that the second branch of defendant's motion is overruled.

### III. Re: Branch 3 of the Motion

In the third branch of its motion, defendant moves for an order:

"3. That defendant need not disclose the formula of 'Thermoplax' as requested in paragraph 6 of said subpoenas, or the processes by which 'Thermoplax' is made or the materials that are used in its manufacture or to answer any questions concerning

or relating to said formula, processes or materials".

In paragraph 6 of its subpoena duces tecum, plaintiff seeks:

"6. Records disclosing the formula of 'Thermoplax' used in manufacturing the molded cover knobs supplied to Wagner Manufacturing Co., under the following purchase orders; (here follows the order number and date) and any and all subsequent formulas of 'Thermoplax' used in the manufacture by Cutler-Hammer, Inc., of Holloware trimings, such as handles and knobs for coffee pots, skillets, sauce pans and roasters from said date to November 17, 1949".

In support of its motion, defendant has filed the affidavit of one Paul S. Jones, a Vice President of defendant company. In his affidavit, Mr. Jones states that " 'Thermoplax' is a trade name of a cold molded plastic that was originally developed by Cutler-Hammer, Inc., and is manufactured and sold exclusively by it. * * * The formula for 'Thermoplax' requested to be disclosed and the process by which 'Thermoplax' is made and the materials that are used for its manufacture constitute a highly secret formula, process and development which are part and parcel of the trade secrets of Cutler-Hammer, Inc., in the prosecution of its business and a vital and valuable part thereof". Mr. Jones further states that the formula, process and materials are kept continuously under lock and key and are known only to four persons in defendant's organization, which defendant's counsel says comprises "eight thousand employees".

Plaintiff asserts that it desires to show, "in conjunction with other proof, that this defendant had been making changes to cheapen its handles and contrary to its representations upon which the plaintiff had bought, it was furnished something different and inferior that resulted in the heavy damage from the heavy breakage".

Plaintiff asserts also that defendant has been supplying its handles to the trade for many years; that it has supplied literature on the subject; has elected to protect its interests by a series of patents (to a number of which plaintiff refers in some detail in its brief) and that the art of cold molding is commonly and widely known. Plaintiff states (Br. P. 16) that "if it is true that defendant does employ a secret formula or trade secret, it need not disclose the exact steps of that process".

In oral argument (P. 8) counsel for defendant stated "As I say at this stage of the case, the formula or the materials that go into the plastic or the manufacturing processes are not relevant. If they should later turn out to be relevant after the depositions have started or after the trial has commenced, then the plaintiff can make another demand".

Rule 30(b) of the Federal Rules of Civil Procedure provides (referring to depositions) that " * * * the court in which the action is pending may make an order * * * that secret processes, developments or research need not be disclosed * * *".

Considering the foregoing rule and the present record, it is the view of the court that, as urged by defendant, defendant should not be required to disclose what its Vice President swears is a secret process unless and until it should appear, in the sound discretion of the court that such disclosure is essential to the determination of the controversy presently before it.

If, later on, it should develop, either upon taking depositions or at the trial or at a pre-trial conference where this specific item can be discussed, that it is essential to plaintiff's case that the information sought be disclosed, then, as defendant's counsel have stated "plaintiff can make another demand".

The court is of the opinion and so finds that at this time the Third branch of defendant's motion is well taken, and that it should be, and it is, sustained. The ruling just made is without prejudice to the right of plaintiff to renew its demand in the future at an appropriate time, if it so desires.

Counsel may prepare and submit an order in accordance with the foregoing findings, rulings and decision.

### Supplemental Opinion.

On December 12, 1949, defendant filed in this Court a motion for an order to modify subpoenas duces tecum and to limit depositions.

On March 8, 1950 this Court rendered and filed a decision on that motion. In the course of its decision the Court stated: "In its present motion defendant 'moves the court for an order' in the certain respects set forth in three paragraphs or branches, numbered 1, 2 and 3 respectively. These requests or branches of defendant's motion will be treated by the court in the same order as they are set forth in the motion".

The Court thereupon followed the procedure just outlined.

Counsel for the respective parties agree and now point out that "The Court's opinion of March 8, 1950 under heading 'I' deals with subparagraph (i) under E and contains no reference to subparagraphs (ii) and (iii)".

The foregoing statements of counsel are correct. Counsel ask that the Court "review this portion of his decision and rule on those two points". This the Court will here and now do.

### Re: Subparagraph (ii) of Paragraph E of Branch 1 of Defendant's Motion.

In subparagraph (ii) of paragraph E of its motion defendant moves that the subpoena duces tecum be modified and limited in certain respects as it applies to paragraphs 4 and a portion of paragraph 5 thereof. Paragraph 4 and the pertinent portion of paragraph 5 of plaintiff's subpoena duces tecum read as follows: "4. Copies of all advertisements, circulars, pamphlets, booklets and the like, circulated by Cutler-Hammer, Inc., advertising molded Holloware trimmings, such as coffee pots, skillets, sauce pans and roasters, manufactured and sold by Cutler-Hammer, Inc., from January 1, 1938, to July 26, 1948". "5. Papers, documents or records sufficient to show the distribution of the material described in paragraph 4 above and indicating to whom distribution was made, by what means, and when; the number of

pieces of such material that was printed, published and distributed".

With respect to paragraph 4 of the subpoena defendant, in its brief states: "Paragraph 4 of the subpoena demands production of certain of defendant's advertising material relating to its handles. We have at all times been willing to produce these and plaintiff has been so advised". And in oral argument counsel stated: "* * * In the subpoena duces tecum, the plaintiff demands that we produce not only this advertising material which we are perfectly willing to produce, but also all letters and other correspondence sufficient to show the distribution of that material, not only to the plaintiff but apparently to everyone else. Now, we are perfectly willing to produce such correspondence as shows the distribution of that material to the plaintiff".

Referring to paragraph 4 of the subpoena, plaintiff asserts that "The relevancy of this material is apparent. The representations of defendant were, it is believed, wide spread".

█ The Court is of the opinion and so finds that defendant's motion as contained in subparagraph (ii) of paragraph E of branch 1 thereof, is well taken and it is sustained to this extent that in response to paragraph 4 and the pertinent part hereinabove referred to of paragraph 5 of the subpoena duces tecum, defendant is required to produce only all the documents therein called for which were distributed to plaintiff and such correspondence or other data, if such there be, as shows the distribution of that material to plaintiff.

### Re: Subparagraph (iii) of Paragraph E of Branch 1 of Defendant's Motion.

Subparagraph (iii) of paragraph E of branch 1 of defendant's motion is directed to the following portion of paragraph 5 of the subpoena "all drawings and prints used by Cutler-Hammer, Inc., in the production of the Magnalite handles No. 22–422 and Magnalite knobs No. 22–423 which were furnished to Wagner Manufacturing Company in filling Wagner Manufacturing

Company's purchase orders referred to in paragraph 3 above".

The Court is of the opinion and so finds that defendant's motion as contained in subparagraph (iii) is not well taken and it is overruled to this extent that defendant is required to produce any and all drawings and prints in its possession used by Cutler-Hammer, Inc., showing the design and dimensions of Magnalite handles No. 22–422 and Magnalite knobs No. 22–423 which were furnished to Wagner Manufacturing Company in filling Wagner Manufacturing Company's purchase orders referred to in paragraph 3 of plaintiff's subpoena duces tecum and that defendant's motion is well taken and is sustained to this extent that it is not required to produce any "drawings and prints" relating to the dies, processes or methods of manufacture of said Magnalite handles or Magnalite knobs.

This Supplemental Decision is to be considered, and is so considered by the Court, as an integral part of the Court's Decision filed on March 8, 1950, on defendant's motion herein referred to.

Counsel may prepare and submit an order in accordance with the findings, rulings and Decision of the Court as now contained in and comprehended by the Decision filed March 8, 1950, and this Supplemental Decision.