**INTERNATIONAL NICKEL CO., Inc.**
v.
**FORD MOTOR CO. et al.**

United States District Court
S. D. New York.
Jan. 19, 1954.

See, also, D.C., 108 F.Supp. 833.

Cooper, Byrne, Dunham, Keith & Dearborn, New York City, John N. Cooper, Drury W. Cooper, Thomas J. Byrne, Jr., John F. Dooling, Jr., New York City, of counsel, for plaintiff.

Kenyon & Kenyon, New York City, Theodore S. Kenyon, Ralph L. Chappell, John A. Reilly, New York City, of counsel, for defendants.

GODDARD, District Judge.

These are cross-motions for the production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The suit is brought by plaintiff for alleged infringement of its patent, No. 2,485,760, by defendants in the manufacture of crankshafts for automobiles. Defendants deny infringement and allege invalidity of the patent. The patent in suit relates to a unique ferrous alloy, a type of cast iron, said to have improved and unusual combinations of properties.

Plaintiff seeks extensive production of various correspondence, analyses, reports, et al., from the defendants. Defendants have consented to most of the production sought by plaintiff, including reports and analyses of the final product in their commercial production,

and they have supplied plaintiff with samples of their crankshafts for its study. However, defendants object to the production called for in paragraphs 9, 11, 13, 14 and 15 of plaintiff's motion.

Defendants object to paragraphs 9, 11, 13 and 15 because they seek to obtain reports and records concerning their manufacturing processes, and analyses of their magnesium-containing cast iron at various stages of the production. Defendants assert that this information is irrelevant and that it is privileged as it seeks revelation of confidential information and trade secrets to a competitor.

Defendants object to paragraph 14, which asks for their correspondence relative to the patent in suit and to negotiations by defendants for a license. They say this calls for materials relative to a proposed compromise of the suit and is therefore objectionable.

Defendants' motion calls for extensive discovery and production of records and documents of the plaintiff. The plaintiff has consented to most of the production requested by defendants, including samples and analyses of the finished products manufactured by its licensees. Plaintiff objects to paragraphs 1–d, 1–f, 1–h, 1–i, 2–a and 2–b of defendants' motion. These paragraphs seek technical information and data on the operations and processes of manufacture, which passed between plaintiff and its licensees. Plaintiff states that this material is irrelevant to the suit and calls for confidential information and secret processes.

■ Each side thus seeks data on the other's manufacturing processes, but each claims its own processes are confidential and irrelevant to the action. Since the suit apparently relates to a product patent on cast iron having certain characteristics in its finished form, it is difficult for the court at this time to see the necessity and materiality of production relative to the processes. Serious prejudice might well result if the court required production and revelation of these materials. The extensive concessions on these motions for production, already made by both sides, may render this probing into each other's processes unnecessary. I am hesitant to order such production unless it shall appear to be necessary for the determination of the merits of the case.

Therefore, I shall deny the motions for such material at this time and leave the matter open for determination by the trial judge when it may more clearly appear how much of this production, if any, is required. Cf. Lever Bros. v. Proctor & Gamble Mfg. Co., D.C., 38 F. Supp. 680; Western States Machine Co. v. S. S. Hepworth Co., D.C., 1 F.R.D. 766; Wagner Mfg. Co. v. Cutler-Hammer Co., D.C., 10 F.R.D. 480, 485.

■ This disposes of defendants' motion and of plaintiff's motion, with the exception of plaintiff's paragraph 14. Defendants do not object to this as seeking technical secrets. This correspondence is relevant and since it may contain material admissions concerning the validity of plaintiff's patent, I believe there is good cause shown for its production.

Defendants, therefore, should produce the material requested in plaintiff's paragraph 14, as modified by plaintiff in its reply brief on its motion. In all other respects the motions are denied without prejudice to a renewal thereof at the trial.

Settle orders on notice.