**SEL-O-RAK CORPORATION,**
Appellant,

v.

**The HENRY HANGER AND DISPLAY FIXTURE CORPORATION OF AMERICA, and The Henry Hanger and Display Fixture Corporation of Florida,** Appellees.

**No. 15562.**

United States Court of Appeals
Fifth Circuit.

April 18, 1956.

Karl W. Flocks, Leonard Michaelson, Washington, D. C., Jack A. Abbott, Miami Beach, Fla., for appellant.

Milton M. Mokotoff, New York City, Martin Yelen, Miami, Fla., for appellees.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from the judgment of the district court in favor of the appellees as defendants in a suit for infringement of appellant's design patent, and for damages for unfair competition and an injunction. The court's order was in form of a dismissal of plaintiff's complaint on the merits based upon find-

ings and conclusions of law by a special master, who found the patent infringed if valid, but then found the patent invalid. He also found against the plaintiff's claim for damages for unfair competition, although he criticized the defendants for having openly appropriated plaintiff's design.

In view of the fact that much the greatest number of patent cases deal with "inventions" rather than "design," we think it helpful to begin a discussion of the case with a consideration of the tests as applied to each. These are gathered from the language of the Patent Act.[1] Section 171 of the Act provides:

"§ 171. Patents for designs

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

"The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided."

Section 101 of the Act is:

"§ 101. Inventions patentable

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

■ The parties agree that under the statute providing for design patents there must be invention, newness, originality and ornamental qualities. From these basic principles we turn now to a consideration of the patent and the facts upon which the special master made his findings.

This being a design patent and the quality of ornament being an ingredi-ent, it is believed necessary that a picture of the design be reproduced.[2] From this photograph it is apparent that what the patent office recognized worthy of a patent was a design for a garment display rack which can but inadequately be described as follows: It consist of two drums of wood, one superimposed on the other in such way that the upper drum revolves; attached to the upper drum are trouser hangers which remain rigid and extended for the display of merchandise; attached to the lower drum or cylinder of smaller diameter than the upper, in proper proportion to the size of the entire article, are three vertical fins which, in the shape of a boomerang with convex side out, extend below the lower drum and form legs in the nature of a tripod to hold the rack. The rack as thus constituted is claimed by the appellant, admitted by the appellees in their advertising, and recognized by the court as having a pleasing appearance to the eye.

The appellees are large makers of retail store equipment. They had been making trouser racks for many years for sale to the trade. The design and function of the rack they considered best in the trade for some 19 years, and which the master found represented the prior art can also be depicted by visual means.[3] As will be seen, here is a single very large drum whose diameter, in relation to the entire article, greatly exceeds the proportion of the drum to total size in the patent design. This drum has rigid extended trouser hangers, as does the patent, but the hangers are separated into four parts by vertical fin walls extending to the base of the hanger. The base itself is a flat circular piece of wood resting flat on the floor. In the ordinary sense of the word there is no similarity in "design" or appearance between the two articles. They do, of course, serve the same functional purpose.

1. Title 35 U.S.C.A.

2. See Appendix A to this opinion.

3. See Appendix B of this opinion.

Other relevant facts that stand undisputed in the record are: When appellant obtained its patent by assignment, it furnished appellees with a rack to find purchasers for appellant. Appellees then copied the rack, manufactured it and advertised and sold it to the trade in advertising clearly calculated to claim for appellees the research and inventive skill which they now assert did not exist in the true inventor. These advertisements showed a picture of appellant's rack embodying its patented design and carried in the text such statements about it as "smart-looking" and "designed for you, after months of research," and "amazing, new space-saver," "revolutionary in concept," "smartly styled" and also carried the statement in italics, *"Beware of Inferior Imitations,"* thus putting the buying public on notice not to be fooled into buying the rack from the appellant who originated the design.

As commented on by the master, no clearer case of infringement could be shown[4] if the appellant acquired any rights in the design under the patent laws.

■ In our consideration of the basic question as to the validity of the patent, we start with the knowledge that every design must of necessity embody something old and known. Design being only a rearrangement of line and form, it must always depend upon elements that in a strict sense are old. We are not impressed, therefore, with appellees' attack on the design patent here on the ground that it combined known components. The straight line, the square, the circle, the cube, triangle and sphere are all known components. They are all old. But any design patent, it seems to us, must, of necessity, combine some of these elements. The question is whether the end result is a design for an article of manufacture (1) achieved as a result of inventive skill as contrasted with the natural aptitude of a skilled artisan, (2) is new, (3) and original, (4) and ornamental.

■ We conclude that the design here meets all of these requirements and that the patent is valid.

First, as to the inventiveness, the statute[5] itself lays down a guide. It says:

"§ 103. Conditions for patentability; non-obvious subject matter

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

It is of utmost significance here that the appellees themselves considered the design patent possessed of elements that were not "obvious at the time the invention was made to a person having ordinary skill in the art." After having used a trouser rack of their own design as leaders in the field for 20 years, the defendants immediately, upon seeing the article designed and manufactured by appellant, appropriated it and advertised it to the trade as "revolutionary in concept," and as having been "designed for you, after months of research."

■ Recognizing, as we do, that the validity of a patent is tested by consideration of the statutory purpose as it affects the public as a whole rather than on the basis of the rights or interests of only the parties to specific litigation, we are nevertheless impressed by the

4. In fact this is not disputed by appellees if the patent is valid. In their brief before us they say:

"There has never been any question that defendants copied the rack as made by the plaintiff and it was so conceded on the trial."

5. 35 U.S.C.A. § 103.

recognition thus given to the essential contentions of the inventor by one who has vital commercial interests at stake, and whose attitude may be considered as fairly representing the industry. As was said by the Court of Appeals for the Second Circuit in Kurtz v. Belle Hat Lining Co.,[6] and quoted approvingly in two decisions of the Fourth Circuit:[7]

> "The imitation of a thing patented by a defendant, who denies invention, has often been regarded, perhaps especially in this circuit, as conclusive evidence of what the defendant thinks of the patent, and persuasive of what the rest of the world ought to think."

There is expression of a similar thought in Schenck v. Diamond Match Co.[8] where the court says:

> "The defendants may well be regarded as experts in the art, and their conduct was an unbiased and emphatic expression of judgment in favor of the patent; their present expression and that of their experts are probably entitled to less weight."

Moreover, on the issue of invention the failure of appellees to arrive at this design through the many years in which they were making trouser racks for the trade is highly significant. The Supreme Court has indicated the great emphasis to be placed on the failure of one primarily interested in development of the art to come upon the step at issue in determining whether the new step is one which should be obvious to a skilled mechanic, or, as here, skilled designer. In Krementz v. S. Cottle Co.[9] the court said:

> "The view of the court below, that Krementz's step in the art was one obvious to any skilled mechanic,

is negatived by the conduct of Cottle, the president of the Defendant company. * * * Yet, skilled as he (Cottle) was, and with his attention specially turned to the subject, he failed to see, what Krementz afterwards saw, that a button might be made of one continuous sheet of metal, wholly dispensing with solder, of an improved shape, of increased strength, and requiring less material."

There can be little doubt that the patented design was new and original. The use of a drum in the construction of a trouser hanger was not new, but the design of a drum, small in size proportionate to the overall dimensions, and flowing down into a second cylindrical shaped member with integral tripod legs designed for attractiveness of line and sturdiness of support, created an undeniably new appearance. This, too, was conceded by the appellees in their advertising, in which they called it "amazing new space saver," "revolutionary in concept." This undisputed evidence of newness and originality of the *design* is not rebutted by the fact that the separate elements of a drum of different proportions, of a tripod of unspecified proportions or period, and of a cylindrical support for the upper drum were not new. The design must be considered by the impression it produces as a whole. As we have said in an earlier case, "The design is graceful and pleasing, and while many of its elements were old in allied designing arts, we cannot say that the conclusion of the Patent Office that there is invention in the combination is shown to be wrong. There is no clear anticipation proven." [10] So, also, the Second Circuit, in Ashley v. Weeks-Numan Co.[11] said:

---

6. 280 F. 277, 281.

7. Ackermans v. General Motors Corp., 202 F.2d 642, and Black & Decker Mfg. Co. v. Baltimore Truck Tire Service Corp., 4 Cir., 40 F.2d 910.

8. 3 Cir., 77 F. 208, 209.

9. 148 U.S. 556, 13 S.Ct. 719, 720, 37 L. Ed. 558.

10. Harris and Schafer v. Curtiss Aerocar Co., Inc., 5 Cir., 69 F.2d 264, 266.

11. 2 Cir., 220 F. 899, 902.

"This court has before said, and now repeats, that the fact that each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled, since it is the design as a whole, and the impression it makes on the eye, which must be considered."

The Fourth Circuit expressed the same thought in Glen Raven Knitting Mills v. Sanson Hosiery Mills,[12] where it was said:

" 'A combination of elements that are old is patentable, if it produces a new and useful result as the product of the combination; and a design which avails itself of suggestions old in art is patentable, if as a whole, it produces a new and pleasing impression on the aesthetic sense.' Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., 3 Cir., 103 F. 634, 639."

As to the requirement of the statute that a design, to be patentable, must be ornamental, once again the defendant below made a pretty good case for the inventor. The advertising called the article "smartly-styled," "smart looking," and said that it had a "sell on sight appeal." No real attack is made by the appellees on the ornamental feature of the design. The test is stated by the Supreme Court in Gorham Mfg. Co. v. White,[13] where the court says:

"It is the appearance itself which attracts attention and calls out favor or dislike. It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. The appearance may be the result of peculiarity of configuration, of ornament alone, or of both conjointly, but, in whatever way produced, it is the new thing, or product, which the patent law regards."

We repeat what we said in Harris and Schafer v. Curtiss Aerocar Co., Inc., supra:

"The design is graceful and pleasing, and while many of its elements were old in allied designing arts, we cannot say that the conclusion of the Patent Office that there is invention in the combination is shown to be wrong."

It appears here that the master and the trial court foreclosed appellant's case on the finding that there was no new or different principle involved in the manufactured article than had been present in the drum shaped rack used by the appellees for twenty years, for the master said: "There is no essentially new idea or principle involved in plaintiff's patent from existing prior art other than the fact that it was constructed to rest or be based upon tripod legs." It seems clear that he missed the special test as to the validity of a design patent which, as the Supreme Court says, depends upon the appearance of the manufactured article.

Finding, as we do, that the design here was inventive, new, original and ornamental, and there being no factual issues which give rise to a presumption of correctness ·of the contrary conclusions of the trial court, we hold that the judgment must be reversed and the case remanded for further and not inconsistent proceedings.

Reversed and remanded.

12. 4 Cir., 189 F.2d 845, 850.

13. 14 Wall. 511, 81 U.S. 511, 29 L.Ed. 731.