**The H. W. GOSSARD CO., Plaintiff-Appellant,**

v.

**The NEATFORM CO., Inc., Defendant-Appellee (and four other consolidated actions).**

**Nos. 167–171, Dockets 24305–24309.**

United States Court of Appeals Second Circuit.

Argued Jan. 22, 1957.

Decided Feb. 7, 1957.

Arthur H. Boettcher, of Brown, Jackson, Boettcher & Dienner, Chicago, Ill. (Arthur C. Johnson, Chicago, Ill., and Donald Malcolm, New York City, on the brief), for plaintiff-appellant.

Armand E. Lackenbach, New York City (Burton Perlman, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal is from Judge Dawson's decision, D.C.S.D.N.Y., 143 F.Supp. 139, holding invalid for want of invention Design Patent 174,054, issued February 15, 1955, for an ornamental "Panty Girdle." A panty girdle is an apparently well-known article of feminine underwear of that type known in the trade as a "foundation" garment—a term which reappears in the corporate names of three of the five admittedly infringing defendants. Since the article is old, the inventor and plaintiff's assignor here, a Mrs. Peck, found her new idea in decorated elastic edgings to the leg openings of the garment, each of which came together in an obtuse angle at the front of the leg and was extended up to meet the opposite edging at the shield or panel portion in the center. See the illustration given at page 140 of 143 F.Supp. Perhaps it is safer to resort to the words of art used by plaintiff in its brief. Conceding that "up cut banded leg openings and shield-shaped frontal panels were old," it then asserts that this inventor has "produced something new and extraordinary; she introduced the banding angle on the front of the thigh, pleasing to the eye, and the harmonious extension of one side of the angle to the frontal panel, also creating in the observer a pleasing impression of taut integration." And it continues: "Mrs. Peck made a notably esthetic thing of a commonplace article, and did so by the simple act of crossing the ends of the banding to form an angle and continuing one side of the angle up to the front panel. If the law will have something which 'sparks' the design as a whole, a 'flash of genius,' that, we submit, is it."

But nevertheless we are constrained to hold that the design does not show invention, and accept Judge Dawson's persuasive exegesis for that conclusion in his opinion. We add only that the many earlier design patents and catalogue advertisements presented below seem to our mundane eyes quite similar and fully as attractive as this design.

Affirmed.