**NORTH AMERICAN LACE CO., Inc.,**
**Plaintiff,**

v.

**STERLING LACES, INC., Defendant.**

United States District Court
S. D. New York.

June 1, 1960.

Rinzler, Schneer & Wiener, New York City, for plaintiff; Milton S. Rinzler, and Stephen B. Schneer, New York City, of counsel.

Jack Pearl, New York City, for defendant.

CASHIN, District Judge.

This is an action for design patent infringement in which an accounting and damages are sought.

The patent sued upon, Design 179,721 was issued on February 19, 1957 for a period of 3½ years. The patent had been applied for on August 29, 1956.

The patent, as issued, covered a lace edging which consists of a large flower with ten petals surrounding a center piece. The flower is surrounded by dots which are approximately half the size of the petals. Each large flower is connected with another large flower by a small rosette. Running vertically from the design proper are dark bars. Plaintiff marketed lace not only in the precise form patented but also in a slightly different form. The second form differed only in that the large flowers were separated by two rosettes and the vertical bars were both on the top and bottom of the design proper.

There is really no issue of infringement since defendant admits copying the design. Even without the admission, a cursory comparison of the plaintiff's and defendant's products shows clearly that there is infringement. Thus, the only defense remaining, and the only one substantially contended for by the defendant, is invalidity.

■ For a design patent to be valid there must exist a "new, original and ornamental design." 35 U.S.C. § 171. This condition has not been met "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. My task in the present case is to determine whether, in the light of the testimony and exhibits before me, the statutory presumption of validity (35 U.S.C. § 282) has been overcome.

■■ To sustain the validity plaintiff adduced testimony from its designer and its vice-president and chief of sales as well as two independent experts. The gist of the testimony of all of these witnesses was that all of the elements of the design patented, i. e. flowers, dots and bars, are old but that their combination

was unique and pleasing. It is, of course, true that in a design patent all the elements may be old but so combined that the end result reaches the dignity of patentable invention. Sel-O-Rak Corporation v. Henry Hanger & Display Fixture Corp., 5 Cir., 1956, 232 F.2d 176. This rule has been said by the Court of Appeals for this circuit to apply to design patents for lace. American Fabrics Co. v. Richmond Lace Works, 1928, 24 F.2d 365.* However, the evidence adduced by the defendant convinces me that the necessary inventive faculty is not present in this case.

■ The difficulty generally inherent in deciding a question such as the instant case, which difficulty has been well described by Judge Dawson in H. W. Gossard Co. v. Neatform Co., D.C.1956, 143 F.Supp. 139, affirmed per curiam, 2 Cir., 1957, 240 F.2d 948, is not present here. The prior art introduced by the defendant so clearly anticipated the design which is the subject matter of the action, that the conclusion is compelled that inventiveness was lacking. On cross-examination, a design for lace, made by plaintiff's own designer, utilizing a central flower not unlike the one in issue surrounded by dots, was identified by that designer as emanating from him in 1944 or 1945 when working for a different company. Perhaps, this anticipation would not have impelled a finding of non-inventiveness standing alone. However, an utterly compelling exhibit was introduced on the defendant's direct case. A member of the lace industry of some fifty years experience, identified a piece of lace as having been known to him for some twenty years. This lace, to my eye, seems to have anticipated with almost photographic similarity the design of the large flower of the plaintiff surrounded by black dots. True the flowers found similar in defendant's anticipation exhibit were separated by a design other than rosettes and did not have bars on one or both sides. The similarity, how-

---

* It should be noted, however, that the statement was *dictum* since the validity of the patent was "assumed" and the case decided on the ground of non-infringement.

ever, is striking and convinces me that invention is lacking,** when considered in connection with the "conditions of the industry" (Vacheron & Constantin-Le Coultre Watches v. Benrus Watch Co., 2 Cir., 1958, 260 F.2d 637, 641) made known at the trial.

Since patentable invention is lacking, the patent is invalid.

The foregoing shall constitute my findings of fact and conclusions of law.

The Clerk is directed to enter judgment for the defendant forthwith.

---

** Although the thirty day notice provided for in 35 U.S.C. § 282 was not given, the defendant's explanation that it had just become aware of the existence of the evidence, and plaintiff's failure to seek a continuance or show prejudice, warranted my admission of the testimony and the exhibit over plaintiff's objection.