**BURNDY CORPORATION, Plaintiff,**

v.

**SEALECTRO CORPORATION, Defendant.**

United States District Court
S. D. New York.

Dec. 12, 1962.

---

1. Justices Harlan and Stewart.

582

Darby & Darby, New York City, for plaintiff; Morris Relson, New York City, of counsel.

Keith, Isner, Byrne, DesMarais & Chandler, New York City, for defendant; John P. Chandler, New York City, of counsel.

McLEAN, District Judge.

This is an action for patent infringement. The complaint alleges that plaintiff is the owner of a patent on a "coaxial cable connection," that plaintiff's product embodying that invention has been a commercial success, that defendant copied plaintiff's product and made and sold products embodying the invention of plaintiff's patent, thereby infringing the patent. The complaint asks for an accounting. The answer denies infringement and denies the validity of the patent. It sets up a counterclaim seeking a declaration of invalidity and non-infringement.

Defendant objects to an interrogatory served upon it by plaintiff which reads as follows:

"19. With respect to each different electrical crimp-type connector sold by defendant within the six years next preceding the commencement of this action, state the annual dollar volume of sales thereof and the number of units sold."

The data requested is obviously relevant on the issue of damages, but if it relates only to that issue, plaintiff is not entitled to it at this stage. 4 Moore, Federal Practice, p. 1072.

Plaintiff says that the data is also relevant to the issue of the validity of its patent because it tends to show the commercial success of its product. Plaintiff relies on cases which support the view that the commercial success of a product has a bearing upon the validity of the patent which covers it. But the product with which these cases were concerned was the product of the patentee, i. e., in this case, the plaintiff. Plaintiff's sales, therefore, would tend to show the commercial success of its product. But I cannot see how the sales of defendant's product would tend to prove the commercial success of plaintiff's unless it is assumed that the two products are the same, which would be to assume the issue of infringement in plaintiff's favor before it is tried.

If the defendant were counterclaiming to establish the validity of a patent of its own, as was the case in Wabash Photolamp Corporation v. Ross Electric Corporation, 81 F.Supp. 511 (E.D.N.Y. 1948), then data as to defendant's sales could properly be required because it would be relevant to the issue of the validity of defendant's patent. But there is no such counterclaim here. I conclude that defendant should not be compelled to disclose its sales until plaintiff has established its right to an accounting. Defendant's motion to defer its answer to Interrogatory 19 until after the issues of validity and infringement have been determined is granted. So ordered.