**GREEN VALLEY PRODUCTS, INC.,**
Plaintiff,

v.

**STERWOOD CORPORATION,**
Defendant.

No. 68–C–329.

United States District Court
E. D. New York.

June 11, 1969.

On Motion for Reargument
Sept. 10, 1969.

Henry L. Burkitt, New York City, for plaintiff, by Alan Bernstein, New York City, of counsel.

Charles Sonnenreich, New York City, for defendant.

JUDD, District Judge.

### MEMORANDUM AND ORDER

These are a series of motions in a patent infringement suit, seeking the disclosure by defendant of a number of items. The defendant's memorandum, and the oral argument before the court, indicate that the dispute now relates to one item only. That is the name of the moldmaker employed by defendant to make the molds which are used in the manufacture of the accused items.

The plaintiff is the owner of design patent No. Des. 209,159 covering a plastic silver washing basket, a device which holds silverware while it goes through a dishwasher. The parties are competing manufacturers of these baskets. The complaint alleges that the defendant's design infringes plaintiff's patent, and

demands an injunction against further infringement, an accounting of profits, damages, and costs.

Defendant claims that the name of the moldmaker is a trade secret, that disclosure of the name will cause it real prejudice, and that the name is irrelevant to any issue at the trial. Plaintiff asserts that the moldmaker is a possible witness as to whether the defendant "willfully, deliberately and knowingly" copied features of the plaintiff's invention, as alleged in the complaint.

■ In determining whether the importance of learning what the moldmaker may testify outweighs any risk to defendant from the disclosure of his name, this court may consider the fact that a patent suit involves issues of validity and infringement as well as damages or profits.

The test of infringement of a design patent, assuming its validity, is whether the two items have "identity of appearance, or * * * sameness of effect upon the eye. * * *" Gorham Manufacturing Company v. White, 14 Wall. 511, 527, 81 U.S. 511, 527, 20 L.Ed. 731 (1871). The court said in the same *Gorham* case that

" * * * if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." (p. 528)

See also American Fabrics Co. v. Richmond Lace Works, 24 F.2d 365, 367 (C. C.A.2d, 1928); Kanne & Bessant v. Eaglelet Metal Spinning Co., 54 F.2d 131 (S.D.N.Y.1931).

■ The proof of infringement, therefore, is made by a comparison of the patented design with the accused design, and requires no showing of knowledge or wilfulness by the infringer. 69 C.J.S. Patents § 285.

■ In patent cases, where an accounting is sought, as here, discovery of matters relating to damages is often deferred until after the right to the accounting is established. 4 Moore's Federal Practice § 26.18; Zatko v. Rogers Manufacturing Co., 37 F.R.D. 29 (N.D. Ohio, 1964); Fairchild Stratos Corp. v. General Electric Co., 31 F.R.D. 301 (S. D.N.Y.1962); cf. Gagen v. Northam Warren Corp., 15 F.R.D. 44 (S.D.N.Y. 1953).

Here, disclosure of the name of the moldmaker would not be burdensome. There is no request for voluminous books and records. Defendant's sole objection is that disclosure would involve revealing an item of considerable importance to its competitive position vis-a-vis the plaintiff. Cf. International Nickel Company v. Ford Motor Co., 15 F.R.D. 357 (S.D.N.Y.1954).

The remedies which plaintiff seeks include an injunction (35 U.S.C. § 283), damages (§ 284), attorneys' fees (§ 285), and profits (§ 289). It is not necessary at this time to determine whether plaintiff can recover both profits under 35 U.S.C. § 289 relating specifically to design patents, and damages under 35 U.S.C. § 284. See Krieger v. Colby, 106 F.Supp. 124 (S.D.Cal.1952); Henry Hanger & Display Fixture Corp. of America v. Sel-O-Rak Corp., 270 F.2d 635 (5th Cir. 1959); but cf. Walker, Patents (2d ed. [Deller], 1964), p. 848. If § 284 is applicable to the case at bar, knowledge and wilfulness may be factors for the trial judge to consider in determining whether increased damages should be imposed. Overman Cushion Tire Co. v. Goodyear Tire & Rubber Co., 66 F.2d 361 (C.C.A.2d 1933). They may also be relevant to a possible imposition of attorney fees (35 U.S.C.A. § 285).

Regardless of the resolution of these issues, the question of knowledge or wilfulness will not arise in the determination of validity or infringement.

■ If the issues of validity or infringement are resolved against the plaintiff, it will not be necessary to reach the issues upon which the moldmaker might have relevant information. Under these circumstances, the court

will not compel disclosure of the moldmaker's name at this time.

The motions, insofar as they seek disclosure of the moldmaker's name, are denied, with leave to renew when and if remedies for infringement are litigated.

As to all other items, the motions are granted on defendant's representation that it has no objection to the disclosures.

So ordered.

## MEMORANDUM AND ORDER ON MOTION FOR REARGUMENT

Plaintiff seeks reargument of this court's memorandum and order dated June 11, 1969 which refused to compel disclosure of the name of the moldmaker who prepared the molds for defendant's baskets, in a suit for infringement of a design patent.

Plaintiff argues that knowledge and wilfulness may be factors in establishing the validity of a patent, and therefore proof that the moldmaker was asked to try to design around plaintiff's patent may be relevant even before the issue of damages is reached.

Neither of the cases cited by plaintiff, however, turned on affirmative direct proof of copying. Sel-O-Rak Corp. v. Henry Hanger and Display Fixture Corp., 232 F.2d 176 (5th Cir. 1956); Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 155 F.Supp. 932 (S.D.N.Y. 1957), mod. 260 F.2d 637 (2d Cir. 1958).

In Sel-O-Rak the infringing article was a "Chinese copy" of plaintiff's design. On the issue of validity, the court found support for the non-obvious character of the patented design in the fact that the defendant not only appropriated it, but advertised it as "revolutionary in concept." 232 F.2d at 178, 179. Not only was the decision not based on wilfulness; the court on the second appeal found that the infringement was not wilful. 270 F.2d 635, at 644. In Vach-

eron, the finding of validity was not based on defendant's wilfulness, but on the fact that the public release of the design was followed by "a rash of similar products." 155 F.Supp. at 935. The question of copying was considered important by one of the appellate judges on the issue of copyright, rather than validity. 260 F.2d at 644.

The idea that imitation proves validity is a variety of the old rule of commercial success, which was used as a basis for judging the validity of patents (Franc-Strohmenger & Cowan, Inc. v. Arthur Siegman, Inc., 27 F.2d 785, 787 (2d Cir. 1928) ), but which the Supreme Court has since declared is merely a makeweight in close cases. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 566, 567, 69 S.Ct. 269, 272, 93 L.Ed. 235 (1949).

Since the testimony of the moldmaker would be of only marginal relevance, it is proper to weigh the importance of his testimony against the possible prejudice from disclosure of his name. International Nickel Co. v. Ford Motor Co., 15 F.R.D. 357 (S.D.N.Y. 1954). The risk of plaintiff's pre-empting the services of the moldmaker cannot be avoided here by a protective order against plaintiff's attorney, considering the problems of attorney-client relations and of effective policing of the prohibition while interrogatories are prepared and pursued.

If defendant offers testimony concerning the origin of its design, the International Nickel case shows that the decision on the motion for pretrial disclosure does not necessarily prevent a demand at the trial to produce correspondence with the moldmaker designed to show the dates of disclosure of the design or other information pertinent to the trial testimony. See 15 F.R.D. at 358.

The motion for reargument is denied.

So ordered.