**Edward T. MOLINARO, Anthony P. Catanzaro**

v.

**LAFAYETTE RADIO ELECTRONICS et al.**

**Civ. A. No. 73-606.**

United States District Court,
E. D. Pennsylvania.

Nov. 15, 1973.

Edward T. Molinaro and Anthony P. Catanzaro pro se.

Patrick T. Ryan, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION
## AND ORDER

WEINER, District Judge.

Plaintiffs who were previously granted leave to proceed in forma pauperis [1] in this pro se patent infringement case have come before the Court with several motions for our disposition.

The first motion is that of plaintiff Molinaro to sever his claim from plaintiff Catanzaro. In requesting a separate trial Molinaro asserts that such controversy exists between him and his co-plaintiff that they can not, without prejudice, proceed to bring this action to a final trial on the merits. Rule 42(b) of the Federal Rules of Civil Procedure states in relevant part:

> "(b) *Separate Trials*. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . ."

■ In the instant case the plaintiffs are allegedly co-owners of the patent in question. Undeniably, common, if not identical questions of law and fact exist for both plaintiff's claim. The plaintiffs initially instituted this action together in the same law suit. To permit them to sever their actions now because of what appears to be a disagreement in strategy and tactics would not serve the cause of justice. The plaintiffs have failed to demonstrate any prejudice to their case if their claims are not severed. Furthermore a severance would assuredly be wasteful of judicial resources since identical claims would be tried twice.

The next issue before the Court is two motions filed by plaintiff Catanzaro which essentially request that all discovery by the defendants of the plaintiffs and production of their documents occur in his home at 31 Summit Avenue, Carbondale, Pennsylvania. He cites the indigence of the plaintiffs as reason for them not being able to afford the expense of transporting themselves and numerous documents that this Court has ordered them to produce, back and forth from Carbondale, Pennsylvania to Philadelphia, Pennsylvania. He also asserts that they can not even afford to copy the original documents in order to mail the copies to the defendants.

Fed.R.Civ.P. 26(c) permits this Court to amend the traditional method of discovery in the interest of justice where good cause is shown. In the case of Colonial Capital Company v. General Motors Corporation, 29 F.R.D. 514, 518 (D.Conn.1961) the Court stated:

> "While a party is generally free to choose its method of discovery, it does not have an absolute right so to do and upon a showing of good cause the court may alter the manner or place of discovery as it deems appropriate. Fisser & V Doornum v. International Bank, 20 F.R.D. 419 (S.D.N.Y.1957). Hyam v. American Export Lines, 213 F.2d 221 (2d Cir. 1954)."

■ Under the facts and circumstances of the present case we believe that the plaintiffs have demonstrated that it would be an unreasonable hardship to compel them to travel to Philadelphia to be deposed or to transport their documents relevant to discovery. *Cf.* Hart v. Simmons, 29 F.R.D. 146 (E. D.Pa.1961). In addition, we further hold, as the plaintiffs have requested, that their presence not be required prior to trial unless the Court specifically orders them to appear. They may oppose or assert any motions by written memoranda and waive their oral argument if desired.

Plaintiff's final motion before this Court is to compel the defendants to answer certain interrogatories to which defendants have raised objections. We will dispose of this motion by resolving

---

1. Order filed May 2, 1973.

the objections to the interrogatories in the order in which they were raised.

■ Defendants have objected to interrogatories 1 and 1A as being irrelevant to the issues in this law suit. These interrogatories request information as to who will control the defense of this litigation. We agree that this information is irrelevant because regardless of who controls the defense, the final adjudication of this Court will be res judicata to all the named defendants.

Defendants have next objected to plaintiff's interrogatory 5 as being vague. Plaintiffs, in responding to the defendant's objection have refined their question making it very clear what information they seek. Therefore we believe this objection now to be moot.

■ Interrogatory 10 which requests information concerning the commercial success of the patented product has been objected to as being irrelevant until the plaintiffs have established the right to an accounting. Case law indicates that a Court, in its discretion, may defer discovery on the issue of damages until the plaintiff has established the right to an accounting. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); Green Valley Products, Inc. v. Sterwood Corp., 308 F.Supp. 700 (E.D.N.Y.1969); Spray Products Corp. v. Strouse, Inc., 31 F.R.D. 244 (E.D.Pa.1962); Burndy Corp. v. Sealectro Corp., 214 F.Supp. 581 (S.D.N.Y.1962).

■ In the instant case we believe that any efforts expended in gathering data concerning damages may prove to be a vain and wasteful act. In our earlier opinions [2] we requested that the plaintiffs demonstrate to this Court that they had a meritorious law suit so that we could decide their motion for appointment of counsel. To date they have failed to respond to our request. In light of the case law and this circum-

stance, in our discretion, we believe that compelling the defendants to produce data on damages would be of no moment in the present posture of this litigation.

■ Finally the defendants have objected to interrogatories 11 through 23 which relate to the mechanics of the accused devices sold by the defendants. The defendants label these interrogatories as vague. The information requested in these interrogatories actually go to the heart of the plaintiff's claim of infringement and must be answered by the defendants. The defendants have offered to produce the operating manuals for the unimetrics devices named in the complaint. If said manuals do not provide adequate answers to these interrogatories, we direct that the plaintiffs submit supplemental interrogatories which will specifically relate to questions that have not been satisfactorily answered.

---

**2.** Opinion filed August 30, 1973. Opinion filed October 23, 1973.