## In re MOLINARO/CATANZARO PATENT LITIGATION.

### No. 170.

Judicial Panel on Multidistrict Litigation.
July 26, 1974.

### OPINION AND ORDER

Before ALFRED P. MURRAH\*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER\*, JOSEPH S. LORD, III \*, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

This litigation involves a patent for a device which controls the tuning of radio receivers. Anthony Catanzaro alleges to be the owner of an undivided half-interest in the patent. Acting *pro se*, Catanzaro filed eleven actions in six districts against manufacturers and retailers of radio equipment alleging that the sale of some of their radio products constituted infringement of his patent rights. Plaintiff moves the Panel for an order transferring all actions to the Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] All defendants oppose transfer, but several of them suggest that, in the event of transfer, the Southern District of New York would be the most convenient transferee forum. We find that the actions listed on Schedule A raise common questions of fact and that transfer of all the actions to the Southern District of New York will serve the convenience of the parties and witnesses and promote

---

\* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. Two of the actions included in plaintiff's motion have been dismissed. Edward T. Molinaro et al. v. Sears Roebuck & Co., M. D.Pa., Civil Action No. 72–612, and Edward T. Molinaro et al. v. Lafayette Radio Electronics et al., E.D.Pa., 62 F.R.D. 464. Thus, the question of whether these actions should be transferred pursuant to 28 U.S.C. § 1407 is moot. We are informed, however, that plaintiff Catanzaro has appealed from

the district court's order dismissing the *Lafayette Radio* action to the Court of Appeals for the Third Circuit. Should the appellate court reverse the lower court decision and order this action reinstated, the Panel could then treat the action as a tag-along action to this litigation and conditionally transfer it to the Southern District of New York, pursuant to Rule 12 of the Panel's Rules of Procedure, R.P.J.P.M.L. 12, 53 F.R.D. 119, 123 (1971), as amended 55 F.R.D. LI (1972). If the order of dismissal is affirmed, of course, that would end the matter.

the just and efficient conduct of the litigation.

Defendants admit that the issue of patent validity is common to each of these actions. But they stress that the important factual issues concerning the alleged infringement of that patent are unique in each action because the alleged infringing devices are differently constructed. In addition, defendants contend that since motions to dismiss have been filed in several of the actions, the question of transferring these actions under Section 1407 is premature.

We do not agree. Although the question of whether or not a particular defendant's product infringes plaintiffs' patent may not involve questions of fact common to the other infringement actions, the key issue in each of these actions is whether plaintiffs' patent can withstand defendants' charges of invalidity. And that issue raises complex questions of fact common to each action and defendants will necessarily pursue similar, if not identical, discovery against plaintiffs to elicit those facts. A Section 1407 transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will insure that that discovery is not duplicated and avoid unnecessary inconvenience to the plaintiffs and their witnesses.

In addition, we are cognizant of the fact that in this particular litigation plaintiffs are acting *pro se*. When plaintiffs undertake the task of prosecuting complex patent litigation without the assistance of counsel knowledgeable in the field of patent law and familiar with the Federal Rules of Civil Procedure, they face a formidable task. And here that task is further complicated by the number of infringement actions that plaintiffs have filed.[2] In light of these circumstances, we find that the just and efficient conduct of this litigation can best be promoted by transferring all actions to a single district under Section 1407.

Moreover, it is not an insubstantial burden which patent litigation imposes upon a district judge. At least one court has already appointed a master to consider the claims of invalidity and it is likely that unless these actions are transferred, other courts will follow step. Thus, a Section 1407 transfer also has the salutary effect of having all discovery relevant to the validity issue supervised by one judge so that an informed decision on the merits can be made and at a substantial savings of judicial time and resources.

At the time of the Panel hearing regarding this matter, there was pending and ripe for decision in the Delaware district court a motion by defendants to dismiss the infringement action filed there for failure to join an indispensable party.[3] Recently, Judge Caleb M. Wright dismissed the complaint against two of the defendants and allowed the action to proceed against defendants ITT and Masco Corporation.[4] Inasmuch as plaintiffs' allegations against the two remaining defendants raise the same issue of patent validity that is involved in the other actions in this litigation, the Delaware action is also transferred to the Southern District of New York pursuant to Section 1407. In none of the other actions are the motions to dismiss ripe for decision and we perceive no reason to delay their transfer. These motions may, of course, be presented to the transferee judge for resolution.

The Southern District of New York is clearly the most appropriate transferee district for this litigation. Extensive discovery has already been conducted in the action pending there and a master appointed by that court has made some tentative findings on the issue of patent

---

2. In addition, plaintiff Catanzaro has represented that he intends to file additional actions charging infringement of the same patent.

3. Anthony P. Catanzaro et al. v. ITT et al., D.Del., Civil Action No. 4780.

4. Catanzaro v. International Telephone & Telegraph Corp., Civil Action No. 4780, (D. Del., filed June 12, 1974).

validity. If the court enters a judgment that the patent is invalid, the remaining actions may be disposed of on the basis of Blonder-Tongue v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). In any event, the familiarity of the transferee judge with the issues and discovery involving validity will enable him to tailor a pretrial program to fit the needs of the other defendants and to process the transferred actions quickly and efficiently. In addition, the New York court is as convenient a transferee forum to plaintiffs as the one suggested by them.

It is therefore ordered that the actions listed on the attached Schedule A pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles M. Metzner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending there and listed on Schedule A.

### SCHEDULE A

#### Middle District of Pennsylvania

Edward T. Molinaro, et al. v. J. C. Penney Co., Inc. — Civil Action No. 72–611

Edward T. Molinaro v. Radio Shack (Div. of Tandy Corp.) — Civil Action No. 72–416

Edward T. Molinaro, et al. v. Lafayette Radio Electronics, et al. — Civil Action No. 72–250

Edward T. Molinaro, et al. v. Eyon Drug Store — Civil Action No. 72–179

#### Eastern District of New York

Edward T. Molinaro, et al. v. Sonar Radio Corp. — Civil Action No. 72C 882

#### Southern District of New York

Edward T. Molinaro, et al. v. General Electric Co. — Civil Action No. 72 Civ. 2786

#### District of Maryland

Edward T. Molinaro, et al. v. Watkins-Johnson CEI Div. — Civil Action No. 72–589N

Edward T. Molinaro, et al. v. Watkins Johnson Co. — Civil Action No. 73–688N

#### District of Delaware

Anthony P. Catanzaro, et al. v. ITT, et al. — Civil Action No. 4780