In re **MOLINARO/CATANZARO PATENT LITIGATION.**

*Edward T. Molinaro, et al. v. Radio Corp. of America, et al.,* D. Del., Civil Action No. 75–103.

*Edward T. Molinaro, et al. v. American Telephone and Telegraph Co.,* E.D. Pa., Civil Action No. 75–847.

*Edward T. Molinaro, et al. v. E. F. Johnson Co.,* D. Minn., Civil Action No. Civ 2–75–122.

*Anthony P. Catanzaro v. H. H. Scott Electronics,* D. Mass., Civil Action No. 74–4404–C.

**No. 170.**

Judicial Panel on Multidistrict Litigation.

Oct. 23, 1975.

**OPINION AND ORDER**

Before ALFRED P. MURRAH [*], Chairman, and JOHN MINOR WIS-

---

[*] Judge Murrah was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

DOM, EDWARD WEINFELD **, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## PER CURIAM.

■ The Panel previously transferred all actions in this litigation to the Southern District of New York and, with the consent of that court, assigned them to the Honorable Charles M. Metzner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Molinaro/Catanzaro Patent Litigation*, 380 F.Supp. 794 (Jud.Pan. Mult.Lit.1974). Since the above-captioned actions appeared to involve questions of fact common to the previously transferred actions, the Panel issued an order conditionally transferring them to the Southern District of New York for inclusion in the proceedings pending in that district. The defendants in each of these actions, as well as certain defendants in previously transferred actions, have moved for orders vacating each of the conditional transfer orders and, additionally, many of these same defendants request that the Panel remand all of the remaining previously transferred actions to their respective transferor courts pursuant to Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260–63 (1975).[1] Plaintiffs Molinaro and Catanzaro oppose the motions to vacate, oppose remand of any of the remaining previously transferred actions and seek an order from the Panel re-transferring this litigation in its entirety to the District of Delaware.[2] Alternatively, they move the Panel for an order transferring only the above-captioned tag-along actions to the District of Delaware.

■ We find that transfer of the above-captioned actions would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation and, accordingly, we grant the motions to vacate each of the conditional transfer orders heretofore entered and deny the alternative motion to transfer the four actions to the District of Delaware. Also, since pretrial proceedings on the common validity issue have been concluded in the transferee court, we find that remand of all remaining previously transferred actions to their respective transferor courts is appropriate. We therefore deny the motion to re-transfer this litigation in its entirety to the District of Delaware.

The Panel, by its initial decision in this litigation, ordered that nine actions be coordinated or consolidated in the Southern District of New York pursuant to 28 U.S.C. § 1407. Only one of those actions, however, had originally been instituted in that district, *Edward T. Molinaro, et al. v. General Electric Co.*, Civil Action No. 72 Civ. 2786. Accordingly, only the *General Electric* action could be tried in the Southern District of New York unless, of course, other actions in the litigation were ordered transferred to that district by the trans-

---

** Judge Weinfeld recused himself and took no part in the consideration or decision of this matter.

1. Although no formal motion for remand has been submitted by any party, the question of remand of the previously transferred actions is properly before us pursuant to Rule 11(c) (iii), R.P.J.P.M.L., 65 F.R.D. 253, 261, (1975). That rule authorizes the Panel to consider remand on its own initiative through the entry of an appropriate order. Since the conditional transfer orders in the above-captioned actions spawned the requests for re-

mand, and plaintiffs responded thereto, the appropriate orders contemplated by Rule 11 (c) (iii) have already been entered. Also, in consideration of the question of remand at our hearing in Minneapolis, Minnesota, on July 25, 1975 is sufficient to satisfy the requirements of Rule 13(b), R.P.J.P.M.L., 65 F.R.D. 253, 263 (1975).

2. In an unpublished order of February 14, 1975, the Panel denied plaintiffs' previous request to re-transfer this litigation to the District of Delaware.

feree judge under 28 U.S.C. §§ 1404 or 1406.

Trial in the *General Electric* action on the common patent validity issue was set for April 28, 1975, with all parties to the pretrial proceedings ordered to participate in discovery in that action. Under the supervision of a magistrate assigned by the transferee judge, pretrial discovery schedules were established. Plaintiffs Molinaro and Catanzaro repeatedly sought extensions of time in which to complete their discovery. These motions were denied by the magistrate and such denials were approved by the transferee judge.

Some two weeks prior to the scheduled trial date in the *General Electric* action, the parties to that action agreed to a settlement. With trial in the action no longer imminent, the other parties to the litigation were permitted until May 29, 1975 in which to dispose of unresolved discovery matters commenced prior to the originally ordered discovery cutoff date. On June 19, 1975, the transferee judge advised all parties that the discovery proceedings on the common patent validity issue appeared to be coming to a conclusion and that, in view of the settlement in the *General Electric* action, all of the remaining actions would soon be ripe for remand to their respective transferor courts. In an order dated September 22, 1975, the transferee judge formally advised the parties and the Panel of the completion of the common discovery proceedings and suggested that the Panel remand all remaining actions.

Plaintiffs Molinaro and Catanzaro, in support of their motion to re-transfer this litigation in its entirety to the District of Delaware or, alternatively, to

transfer only the above-captioned tag-along actions to that district, argue that the tranferee judge has acted to their prejudice by failing to grant them sufficient time in which to complete all discovery they deem necessary to prepare for trial on the patent validity issue. And, they contend, he has refused to permit them to pursue the individual patent infringement issues.

Whatever the merits of these assertions may be,[3] the Panel is not empowered to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings are to be conducted by the transferee judge. The scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge. *See In re Plumbing Fixtures Cases*, 298 F.Supp. 484, 489 (Jud.Pan.Mult.Lit.1968).[4] Dissatisfaction by a party with the transferee judge's rulings is therefore an insufficient basis upon which to order a re-transfer of the entire litigation. Nor is it sufficient to support a request to designate a new sub-group of related actions to proceed independently in a different transferee district.

The propriety of transfer of the above-captioned tag-along actions to the Southern District of New York and the question of remand of the previously transferred actions to their respective transferor courts are intertwined. We are necessarily greatly influenced by the transferee judge's view of the posture of the litigation before him and the readiness of actions for remand. *See In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.

---

3. We, of course, intimate no views as to the propriety of the pretrial proceedings to date. We do note, however, that plaintiffs have, for the most part, acted as their own attorneys and appear to have needlessly confused and protracted the pretrial proceedings in the Southern District of New York.

4. In unpublished orders of November 13, 1974, February 14, 1975 and April 11, 1975, the Panel refused, for the same reason, plaintiffs' requests to overrule actions taken by the transferee judge.

Supp. 908, 909 (Jud.Pan.Mult.Lit.1975). At the time of the Panel hearing on this matter, it was clear to all parties and the Panel that the transferee judge believed that remand of all remaining actions would very soon be appropriate on the basis of completed discovery on the common patent validity issue. Even assuming, as some parties maintain, that certain common discovery remains, we are satisfied, on the basis of the record before us, that trial on the common patent validity issue in one or more of the actions in the transferee district is imminent and, therefore, remand is warranted. A holding of invalidity of the patent in question could end all actions in this litigation in view of the likely applicability of the collateral estoppel doctrine of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L. Ed.2d 788 (1971). And certainly a holding of validity will not prejudice the plaintiffs in any way.

It is therefore ordered that the conditional transfer orders heretofore entered with respect to the actions listed on the following Schedule A be, and the same hereby are, vacated.

It is further ordered that the motion to re-transfer this litigation in its entirety to the District of Delaware or, alternatively, to transfer only the actions listed on the following Schedule A to that district be, and the same hereby is, denied.

It is further ordered that the actions listed on the following Schedule B be, and the same hereby are, remanded to their respective transferor courts.

### SCHEDULE A

| District of Delaware | DOCKET NO. 170 |
|---|---|
| Edward T. Molinaro, et al. v. Radio Corp. of America, et al. | Civil Action No. 75–103 |
| **Eastern District of Pennsylvania** | |
| Edward T. Molinaro, et al. v. American Telephone and Telegraph Co. | Civil Action No. 75–847 |
| **District of Minnesota** | |
| Edward T. Molinaro, et al. v. E. F. Johnson Co. | Civil Action No. Civ. 2–75–122 |
| **District of Massachusetts** | |
| Anthony P. Catanzaro v. H. H. Scott Electronics | Civil Action No. 74–4404–C |

### SCHEDULE B

| Middle District of Pennsylvania | S.D. NEW YORK DOCKET NO. 170 |
|---|---|
| Edward T. Molinaro, et al. v. J. C. Penney, Inc. | Civil Action No. 74 Civ. 3290 |
| Edward T. Molinaro v. Radio Shack | Civil Action No. 74 Civ. 3291 |
| Edward T. Molinaro, et al. v. Lafayette Radio Electronics, et al. | Civil Action No. 74 Civ. 3292 |
| Edward T. Molinaro, et al. v. Eynon Drug Store | Civil Action No. 74 Civ. 3293 |
| **Eastern District of New York** | |
| Edward T. Molinaro, et al. v. Sonar Radio Corp. | Civil Action No. 74 Civ. 3294 |
| **District of Maryland** | |
| Edward T. Molinaro, et al. v. Watkins-Johnson CEI Div. | Civil Action No.74 Civ. 3295 |
| Edward T. Molinaro, et al. v. Watkins-Johnson Co. | Civil Action No. 74 Civ. 3296 |
| **District of Delaware** | |
| Anthony P. Catanzaro, et al. v. ITT, et al. | Civil Action No. 74 Civ. 3297 |
| **District of New Jersey** | |
| Anthony P. Catanzaro v. Fannon/Courier Corp. | Civil Action No. 75 Civ. 923 |