**In re WESTERN ELECTRIC CO., INC. SEMICONDUCTOR PATENT LITIGATION.**

**No. 244.**

Judicial Panel on Multidistrict Litigation.

May 13, 1976.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, and ANDREW A. CAFFREY **, Judges of the Panel.

### PER CURIAM

This litigation consists of eight actions instituted by Western Electric Company,

---

* Judges Weinfeld and Lord were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

** Judge Caffrey recused himself and, therefore, took no part in the consideration or decision of this matter.

Inc. in five various federal forums: three in the District of Delaware; two in the Northern District of Texas; and one each in the Northern District of California, the Eastern District of Virginia and the United States Court of Claims. Each of the seven district court actions was commenced against one of seven different companies, while the Court of Claims action is against the United States, with Stewart-Warner Corp.; Teledyne, Inc.; TRW, Inc.; Rockwell International Corp.; and Harris Corp. named as third-party defendants. These actions seek damages for the alleged infringement of the "Derick" patent, which involves a process for manufacturing semiconductor devices such as transistors, diodes and integrated circuits.

Mostek Corp., a defendant in one of the Northern District of Texas actions, moves the Panel for an order transferring the Texas, Virginia and California actions to the District of Delaware for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the three actions pending there; Mostek takes no position regarding transfer of the Court of Claims action. Defendant United States moves the Panel for an order transferring all the district court actions, plus the Court of Claims action, to a single district under Section 1407. If the Panel decides that it does not have the authority to transfer actions pending in the Court of Claims, the United States moves, in the alternative, for the Panel's permission to participate voluntarily, with the concurrence and leave of the Court of Claims, in any Section 1407 activities that may be ordered for this litigation. Defendant Stewart-Warner favors transfer of all eight actions. Defendants Teledyne and Intersil, Inc. support transfer of all actions except *Rockwell,* which is pending in the Northern District of Texas. Plaintiff Western opposes transfer of any action in this litigation and, alternatively, suggests the Northern District of Texas as the most appropriate transferee forum. Defendant Rockwell opposes transfer of its action only, and expresses no sentiments concerning transfer of the other actions.

We find that these actions involve common questions of fact and that, with the exception of *Rockwell* and the Court of Claims action, their transfer to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

I. *The Rockwell Action*

While seven of the actions before us involve only the Derick patent, *Rockwell* is much more extensive. Western's first count in its complaint against Rockwell seeks royalties under a 1970 Patent License Agreement between Collins Radio Co. and Western, which allegedly survived the 1973 merger between Collins and Rockwell. In another count, Western charges defendant with infringing nine patents, one of which is the Derick patent. In response, Rockwell filed two counterclaims. One avers that Western has infringed five Rockwell patents. The other principally seeks a declaratory judgment that the 1970 Patent License Agreement between Collins and Western did not remain in effect after the merger of Collins and Rockwell. Western in turn counterclaimed charging Rockwell with infringing twelve other patents.

Several motions are pending in *Rockwell.* One is a motion by Western for partial summary judgment that the 1970 Patent License Agreement between Collins and Western remained in effect after the merger of Collins and Rockwell, whereby Rockwell succeeded to Collins' (1) liabilities, one being the duty to pay royalties to Western for a license to use certain Western patents, and (2) obligations, one being the right of Western to utilize certain Rockwell communications systems patents royalty-free. Rockwell has cross-moved for summary judgment on its declaratory judgment counterclaim and for summary judgment that Western is not licensed under any patents alleged in Rockwell's patent infringement counterclaim. In addition, Rockwell has moved to dismiss Western's patent infringe-

ment claim and counterclaim because of improper venue.

The parties opposing transfer of *Rockwell,* which include all parties in that action, argue that its transfer is inappropriate because individual factual questions overwhelmingly predominate over any common factual issues it may share with the other actions in this litigation. These parties contend that, unlike the thrust of the other actions focusing upon defendants' alleged infringement of the Derick patent, *Rockwell* is distinguishable as follows: *Rockwell* is preliminarily a breach of contract dispute centering upon the question whether the 1970 Patent License Agreement between Collins and Western survived the 1973 merger of Collins and Rockwell; if Rockwell is held to be licensed under Western's patents, the infringement issues need not be reached; should Rockwell be found not licensed under Western's patents, the venue issue must then be resolved because Rockwell claims that any of its allegedly infringing acts occurred in California, not Texas; if venue is found to lie in the present court, only then would the infringement issues be considered, with the Derick patent being only one of 26 patents involved.

■ We are persuaded by these arguments and find that the breadth of *Rockwell* in comparison with all the other actions before us warrants its exclusion from coordinated or consolidated pretrial proceedings in order to best promote the expeditious processing of *Rockwell* and the rest of the litigation as well.

## II. *The Court of Claims Action*

The United States and its supporters argue that the Court of Claims action should be transferred along with the rest of the litigation because this action shares common questions of fact with the others and its transfer will further the purposes of 28 U.S.C. § 1407. The United States devotes considerable argument to the proposition that the Panel is authorized under Section 1407 to transfer actions pending in the Court of Claims. Western, on the other

hand, strenuously contends that the Panel is not empowered by the governing statute to transfer such actions.

■ The Panel has never before been faced with the question of whether to transfer an action pending in the Court of Claims. In the *Technograph* litigation, however, the Panel's predecessor, the Coordinating Committee for Multiple Litigation, successfully engineered coordination of pretrial proceedings among a Court of Claims action and related actions pending in various federal district courts. *See generally* 114 Cong.Rec. 4926 (daily ed. March 4, 1968). In view of the successful experience in *Technograph,* and inasmuch as the Court of Claims has expressed its willingness to cooperate with the transferee court toward the goal of a prompt and efficient disposition of this entire litigation, we see no need to decide the question of whether the Panel has the power to transfer a Court of Claims action. Furthermore, we need not act on the United States' alternative request for us, with the concurrence of the Court of Claims, to allow the United States to voluntarily participate in the coordinated or consolidated pretrial proceedings we are herewith ordering for all but one of the district court actions, because we prefer to leave the degree and manner of any coordinated pretrial proceedings between the Court of Claims action and the actions in the transferee district solely within the joint discretion of the transferee judge and the Court of Claims.

## III. *The Six Remaining Actions*

Western concedes that these six actions raise common questions of fact concerning the validity of the Derick patent. Nonetheless, Western argues that transfer of the six actions is inappropriate because a trial date of July 6, 1976, has been set in the Virginia action and the resolution of that action could dispose of the others either on collateral estoppel principles, if the Derick patent is held invalid, or by settlements induced by the persuasive effect of a holding of validity of the Derick patent.

■ Upon careful analysis of the record before us, however, we believe that the best solution is to transfer five of these actions to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the action pending there. The common factual questions on the validity issue alone necessitate centralized pretrial processing in order to ensure that the possibilities of duplicative discovery and inconsistent pretrial rulings are avoided. For example, we do not know that the various courts wherein these actions are now pending will, or should, stay them pending the outcome of the Virginia action; and, of course, it is uncertain whether the Virginia decision will have a whole or partial dispositive effect, if any, on the other actions. Since it appears that there may also be significant common factual issues on the anticipated defense of patent misuse, and perhaps even a few on the issue of infringement, Section 1407 treatment will produce the same salutary results for these issues as for the issue of validity. Moreover, placing these actions before a single judge will serve the desired goal of conserving judicial effort.

■ In addition, transfer will not delay the development of any unique factual questions in these actions, principally as they relate to the issues of infringement and patent misuse, since the transferee judge is empowered to design a pretrial schedule for the concurrent processing of such questions along with the common pretrial matters. *See In re Westinghouse Electric Corp. Uranium Contracts Litigation,* 405 F.Supp. 316, 319 (Jud.Pan.Mult. Lit.1975); *In re Sugar Industry Antitrust Litigation,* 395 F.Supp. 1271, 1273 (Jud.Pan. Mult.Lit.1975); *In re Republic National-Realty Equities Securities Litigation,* 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit. 1974).

Selecting the Eastern District of Virginia as the transferee forum for this litigation allows the parties and the judiciary to take advantage of the relatively more advanced stage of the action pending there, while at the same time permits them to interweave the pretrial processing of these related actions in the most expeditious fashion overall. The precise degree and manner of coordination or consolidation between the Virginia action and the others is, of course, entirely within the discretion of the transferee judge. *See In re Equity Funding Corporation of America Securities Litigation,* 375 F.Supp. 1378, 1384 (Jud.Pan.Mult. Lit.1974).

IT IS THEREFORE ORDERED that transfer of the actions entitled *Western Electric Co., Inc. v. Rockwell International Corp.,* N.D.Texas, Civil Action No. 3–74–444–D, and *Western Electric Co., Inc. v. The United States of America, et al.,* U.S. Ct.Cl., Court of Claims No. 211–75, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the remaining actions listed on the following Schedule A and pending in districts other than the Eastern District of Virginia be, and the same hereby are, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable D. Dortch Warriner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

**U.S. Court of Claims**

| | | |
|---|---|---|
| Western Electric Co., Inc. v. The United States of America, et al. | Ct.Cl. No. 211–75 | |

**District of Delaware**

| | | |
|---|---|---|
| Western Electric Co., Inc. v. Teledyne, Inc. | Civil Action No. 75–307 | |
| Western Electric Co., Inc. v. Intersil, Inc. | Civil Action No. 75–308 | |
| Western Electric Co., Inc. v. Solid State Scientific, Inc. | Civil Action No. 75–309 | |

**Eastern District of Virginia**

| | | |
|---|---|---|
| Western Electric Co., Inc. v. Stewart-Warner Corp. | Civil Action No. 75–0468–R | |

**Northern District of Texas**

| | | |
|---|---|---|
| Western Electric Co., Inc. v. Mostek Corp. | Civil Action No. 3–75–1142–C | |
| Western Electric Co., Inc. v. Rockwell International Corp. | Civil Action No. 3–74–444–D | |

**Northern District of California**

| | | |
|---|---|---|
| Western Electric Co., Inc. v. Intel Corp. | Civil Action No. C–75–1966–RFP | |