## In re WESTERN ELECTRIC CO., INC. SEMICONDUCTOR PATENT LITIGATION.

*Western Electric Co., Inc. v. Advanced Memory Systems, Inc.,* D. Delaware, Civil Action No. 76–214

### No. 244.

Judicial Panel on Multidistrict Litigation.

Aug. 25, 1977.

## OPINION AND ORDER

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Eastern District of Virginia and, with the consent of that court, assigned them to the Honorable D. Dortch Warriner for coordinated or consolidated pretrial proceedings with an action already pending there. *In re Western Electric Co., Inc. Semiconductor Patent Litigation*, 415 F.Supp. 378 (Jud.Pan.Mult.Lit. 1976). The complaint in each action was brought by Western Electric Co., Inc. against a different defendant, and sought damages for alleged infringement of a patent which covered a process for manufacturing semiconductor devices—the "Derick" patent. An action filed by Western Electric was also pending in the United States Court of Claims in which Western Electric sought damages from the United States and several third-party defendants for infringement of the same patent.[1]

The Court of Claims action and all except three of the actions in the transferee district have since been settled and/or dismissed.[2] Discovery on the issue of validity of the Derick patent has been completed in the transferee district. A trial was held during September 1976 on the issue of patent validity in one of the actions, *Stewart-Warner*, and a decision has been entered in that action upholding the validity of the patent. A final pretrial conference in the three remaining actions was held during April 1977. Trial of all remaining issues in *Stewart-Warner* was completed during May 1977.

Subsequent to the Panel's original transfer order in this litigation, the above-captioned action, *Advanced Memory Systems*, was filed by Western Electric against a new defendant to recover damages for alleged infringement of the Derick patent. Since this action appeared to involve questions of fact common to those in the actions previously transferred, the Panel ordered the parties to show cause why this action should not also be transferred to the Eastern District of Virginia for inclusion in the Section 1407 proceedings.[3] *See* Rule 10(b), R.P.J.P. M.L., 65 F.R.D. 253, 260 (1975). Western Electric favors transfer while the defendant in *Advanced Memory Systems* opposes transfer.

We find that transfer of *Advanced Memory Systems* at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we vacate the show cause order.

Western Electric contends that transfer of *Advanced Memory Systems* is appropriate despite the advanced stage of pretrial proceedings in the transferee district. *Advanced Memory Systems* and the actions in

---

* Judges Becker and Caffrey took no part in the consideration or decision of this matter.

1. The Honorable Francis C. Browne, to whom the Court of Claims action was assigned, has been serving as a special master for the actions in the Eastern District of Virginia and, with Judge Warriner, coordinated the proceedings in the Court of Claims action with those in the transferee district.

2. The three actions which remain in the transferee district are: *Western Electric Co., Inc. v. Stewart-Warner Corp.*, Civil Action No. 75–0468–R; *Western Electric Co., Inc. v. Teledyne,* *Inc.*, Civil Action No. 76–0211–R; and *Western Electric Co., Inc. v. Intersil, Inc.*, Civil Action No. 76–0212–R.

3. Three other actions which were originally included in the Panel's order to show cause have since been settled and/or dismissed—*Western Electric Co., Inc. v. Frontier, Inc.*, C.D.Cal., Civil Action No. CV76–2122–IH; *Western Electric Co., Inc. v. Micro Power Systems, Inc.*, N.D.Cal., Civil Action No. C76–1381–WHO; *Western Electric Co., Inc. v. Microwave Semiconductor Corp.*, D.N.J., Civil Action No. 76–1303.

the transferee district share questions of fact concerning the issue of patent validity, *inter alia*, Western Electric asserts, and therefore *Advanced Memory Systems* should be supervised by Judge Warriner because of his familiarity with this litigation.

■ These arguments are unpersuasive. The issue of patent validity generally is the most significant common aspect of discovery in multidistrict patent litigation. *See, e. g., In re Molinaro/Cantanzaro Patent Litigation*, 380 F.Supp. 794, 795 (Jud. Pan.Mult.Lit.1974); *In re CBS Color Tube Patent Litigation*, 329 F.Supp. 540, 541–42 (Jud.Pan.Mult.Lit.1971). Discovery in the transferee district on that issue has been concluded. In addition, discovery on all other common issues in the remaining actions in the transferee court has been virtually completed, a final pretrial conference has been held in those actions, and trial has been completed in one of those actions. Furthermore, the transferee court's views on the issue of patent validity are well documented, *Western Electric Co., Inc. v. Stewart-Warner Corp.*, Civil Action No. 75–0468–R (E.D.Va., April 18, 1977) (Report of Special Master), and, as a result, will put the judge in *Advanced Memory Systems* closer to the shoes of the transferee judge. Under these circumstances, transfer of *Advanced Memory Systems* at this time is unwarranted. *See In re Westinghouse Electric Corp. Uranium Contracts Litigation*, 436 F.Supp. 990, 996 (Jud.Pan. Mult.Lit.1977); *In re Seeburg-Commonwealth United Merger Litigation*, 415 F.Supp. 393, 396 (Jud.Pan.Mult.Lit.1976).

■ We note that the judge to whom *Advanced Memory Systems* is assigned could issue an order to show cause why all discovery heretofore completed in the transferee district should not be made available to the parties in *Advanced Memory Systems* and considered accomplished in that action. *See Manual for Complex Litigation*, Parts I and II, §§ 3.11 (rev. ed. 1977). Such a procedure would avoid duplication of previously completed discovery. *See In re American Financial Corporation Litigation*,

434 F.Supp. 1232, 1234–1235 (Jud.Pan.Mult. Lit.1977); *In re Seeburg-Commonwealth United Merger Litigation, supra*, 415 F.Supp. at 396.

IT IS THEREFORE ORDERED that the order to show cause concerning the action entitled *Western Electric Co., Inc. v. Advanced Memory Systems, Inc.*, D.Delaware, Civil Action No. 76–214, be, and the same hereby is, VACATED.